```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DAVID JACKSON, et al.         :    CIVIL ACTION
                              :
          v.                  :
                              :
ACCREDITED HOME LENDERS,      :
INC., et al.                  :    NO. 09-1549
```

MEMORANDUM

McLaughlin, J.                                   August 21, 2009

      This action arises out of the refinancing of a mortgage loan brokered by Real Estate Mortgage Network, Inc. ("Mortgage Network"), and underwritten by Accredited Home Lenders, Inc. ("Accredited"). The plaintiffs allege that the defendants induced them to agree to a loan refinancing by making misrepresentations regarding the existence of a prepayment penalty and the availability of an additional refinancing within one year of the loan agreement. The defendants are Mortgage Network, Accredited, and Chase Home Finance, LLC ("Chase"), which the plaintiffs allege to be the assignee of the refinanced loan.

      The plaintiffs filed their complaint on April 10, 2009, and an amended complaint on July 14, 2009. The amended complaint brings claims for violation of various federal and state statutes: (1) the Federal Truth in Lending Act ("TILA") (Count I), against Mortgage Network and Chase; (2) the Federal Credit Services Act ("CSA") (Count II), against Mortgage Network; and (3) the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count III), against all defendants.

The complaint also claims fraud and fraudulent misrepresentation (Count IV) against Mortgage Network. Chase has moved to dismiss all claims against it.  The Court will grant Chase's motion. Count I against Chase is hereby dismissed; Count III against Chase is dismissed without prejudice.

I.   Facts as Alleged in the Amended Complaint[1]

In 2006, the plaintiffs approached Mortgage Network to refinance the mortgage loan on their residence located at 14 Penn Oak Lane in Oxford, Pennsylvania.  The plaintiffs sought refinancing in order to lower their interest rate, pay off other debts, and obtain a mortgage that would include taxes.  At Mortgage Network, the plaintiffs dealt with an employee named Brett Dexter ("Dexter").  The plaintiffs informed Dexter that they were seeking a loan that would include a tax escrow and would not have a prepayment penalty.  Dexter told the plaintiffs that while they would be able to acquire a loan without a

---

[1] On a motion to dismiss, courts can consider the allegations of the complaint, exhibits attached to the complaint, matters of public record, and any undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on the document. Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004); Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Attached to Chase's motion to dismiss are copies of Truth in Lending disclosure statements signed by the plaintiffs. See Def.'s Mot. Exs. A, C.  Chase also attached a copy of a "Prepayment Charge Rider" signed by the plaintiffs on July 26, 2006. Id. Ex. B.  These documents are at issue here; the plaintiffs have not called their authenticity into question. The Court will consider them for the purposes of this motion.

prepayment penalty, they would not be able to acquire one with a tax escrow provision in their stated payment range.  Dexter told the plaintiffs that the best mortgage available to them would have an interest rate of approximately 11% and would not include taxes or a prepayment penalty.  The loan also would not allow the plaintiffs to pay off their debts.  The plaintiffs' monthly payments under this loan would be approximately $2,000, in addition to a monthly tax payment of approximately $1,000.  Am. Compl. ¶¶ 20-28.

The plaintiffs told Dexter that they were reluctant to enter into a loan that did not achieve their initial goals of debt payment and tax escrow.  Dexter told the plaintiffs that Mortgage Network would be able to refinance the mortgage under better terms within one year because the refinanced loan would not contain a prepayment penalty.  The plaintiffs signed the refinanced loan agreement and other documents at the closing on July 26, 2006, after searching for and locating among the documents a document provided by Mortgage Network stating that there would not be a prepayment penalty.  Id. ¶¶ 20, 29-33, 35; see also id. Ex. A.

Following one year of timely mortgage payments, the plaintiffs were contacted by an employee of Mortgage Network named Paul Walker ("Walker"), who told the plaintiffs that he had found a new refinanced loan that would pay off their existing debt, include a tax escrow, and feature a 6% fixed interest rate.

-3-

Walker later informed the plaintiffs, however, that they did not qualify for such a refinancing because their 2006 mortgage included a five-year prepayment penalty.  To be eligible for the refinancing initially offered by Walker, the plaintiffs would have to incur a penalty of approximately $11,000.  The plaintiffs fell behind on their taxes and were unable to pay other debts as a result of their inability to refinance.  Id. ¶¶ 34-39, 51-52.

After searching their loan documents, the plaintiffs were unable to find any mention of a prepayment penalty.  The plaintiffs contacted Chase, which sent the plaintiffs a copy of the documents in its possession relating to the plaintiffs' loan.  Among the documents in the file sent to the plaintiffs by Chase was a Truth in Lending disclosure dated July 26, 2006, which was signed by the plaintiffs, and which stated that the terms of the plaintiffs' loan included existence of a prepayment penalty.  Id. ¶¶ 40-45; see also Def.'s Mot. Ex. B.

The plaintiffs state that they believe that the loan documents were signed prior to any Truth in Lending Disclosures.  They also claim that they did not see any disclosure identifying a prepayment penalty until they received the documents from Chase in August 2007.  Id. ¶¶ 46-47.

II.  Analysis

Chase moves to dismiss all claims against it for failure to state a claim; Chase also moves to dismiss the TILA

claim against it for failure to comply with the applicable statute of limitations.  The Court agrees, and will dismiss all claims against Chase.

### A.   Federal Pleading Standard

The current standard for adequately pleading a claim was set out in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Under Twombly, a party's factual allegations must raise a right to relief above the speculative level in order to state a claim.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 555).  The Supreme Court recently reaffirmed and clarified the Twombly standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Iqbal Court explained that although a plaintiff is not required to make "detailed factual allegations," Federal Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

To survive a motion to dismiss, a party may not allege "labels and conclusions."  Twombly, 550 U.S. at 555.  A complaint must instead contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." Iqbal, 1927 S. Ct. at 1949.  A claim is facially plausible when the plaintiff pleads sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id.  The plausibility

standard is not a "probability requirement," but it does require more than a sheer possibility that a defendant has acted unlawfully.  Id.

The Supreme Court has explained that two working principles underlie a motion to dismiss inquiry.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id. at 1950.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Id.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  Where the well-pleaded facts do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not "shown," that the pleader is entitled to relief within the meaning of Rule 8(a)(2).

    B.    <u>Count I – Truth in Lending Act</u>

In Count I of the amended complaint, the plaintiffs allege that "Defendants" failed to notify them of the five-year prepayment penalty and failed to deliver the disclosures required by the TILA.  They assert that the amended complaint seeks rescission and recoupment of the loan at issue, but not statutory

damages under the TILA.  Chase argues that the plaintiffs' claim under the TILA is time-barred and otherwise fails to state a claim.  The plaintiffs argue that their claim under the TILA seeks recoupment and rescission, which, they contend, are not subject to the one-year statute of limitations for TILA claims for damages.  See Am. Compl. ¶¶ 66, 70; Pls.' Opp. 7.

       1.   Recoupment

As the United States Court of Appeals for the Third Circuit has explained, recoupment is a defensive claim that can only be asserted in response to an independent action instituted by another party.  Recoupment does not permit the party asserting it "to present otherwise time-barred claims simply by creative pleading in an independent proceeding brought by it."  Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 184 (3d Cir. 1997); see also In re Flagstaff Realty Assocs., 60 F.3d 1031, 1035 (3d Cir. 1995) (stating that recoupment "cannot be the basis for asserting an independent claim").

As an initial matter, any claim by the plaintiffs for monetary damages under TILA would be time-barred.  An action for damages under the TILA must be commenced within one year of the occurrence of the violation.  15 U.S.C. § 1640(3); Smith v. Fid. Consumer Disc. Co., 898 F.2d 896, 903 (3d Cir. 1990).  The TILA requires that disclosures be made before "credit is extended" to the consumer, 15 U.S.C. § 1638(b)(1), and a violation occurs when

-7-

disclosures are not made prior to the "consummation of the transaction." 12 C.F.R. § 226.17(b). A transaction is consummated when "the consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); <u>Bartholomew v. Northampton Nat'l Bank</u>, 584 F.2d 1288, 1296 (3d Cir. 1978).

Here, the plaintiffs signed the loan at issue on July 26, 2006, and filed their original complaint on April 10, 2009. To the extent that the plaintiffs' claim can be considered one for damages, it is time-barred. Under the law of this circuit, characterizing the claim as one for recoupment does not alter that conclusion.

### 2. <u>Rescission</u>

The amended complaint seeks rescission of the subject loan based on the defendants' alleged TILA violations. The Court notes that under the TILA, rescission is not available as a remedy for residential mortgage refinancings, provided that the refinanced loan is secured by an interest in the same property. 15 U.S.C. § 1635(e)(2). It is undisputed that the loan at issue was a refinancing secured against the plaintiffs' residence. <u>See</u> Am. Compl. ¶ 20. As a result, rescission is not available in this case. The plaintiffs' TILA claim is therefore dismissed.

C.   Count III - UTPCPL

The Pennsylvania UTPCPL provides consumers with a remedy against sellers of goods or services when those sellers commit an unfair or deceptive practice.  See 73 Pa. Cons. Stat. Ann. § 201-3.  The statute sets forth a variety of specific conduct constituting "unfair or deceptive acts or practices."  See id. § 201-2(4).  In addition to prohibiting certain specific acts, the statute provides a catch-all provision prohibiting persons from "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."  Id. § 201-2(4)(xxi).

The plaintiffs allege seven violations of the UTPCPL. See Am. Compl. ¶ 76.  Each of these violations, however, is a wholesale copy of a UTPCPL provision or a conclusory allegation against "Defendants" that does not withstand scrutiny under Twombly and Iqbal.  These allegations are not supported by sufficient factual content as to Chase.  The complaint is devoid of any representation made or specific action taken by Chase that would cause any likelihood of confusion.

The plaintiffs also assert that Chase is liable under the UTPCPL catch-all provision, which the defendants argue requires the plaintiffs to plead the elements of common law fraud with specificity.  The plaintiffs suggest that the catch-all provision, by prohibiting "deceptive" conduct in addition to fraud, does not require heightened specificity in pleading.  See

Hunt v. U.S. Tobacco Co., 538 F.3d 217, 225 (3d Cir. 2008) (noting that "some authority" suggests that heightened specificity may not be required when a plaintiff alleges deception under the UTPCPL).  The Court concludes that, even in the absence of a heightened particularity requirement, the amended complaint does not plead sufficient facts to show that Chase engaged in "deceptive" conduct.  The Court will therefore grant Chase's motion as to Count III as well.[2]

An appropriate Order shall issue separately.

---

[2] The plaintiffs argue that Chase is liable as the assignee of the mortgage loan under the "FTC Holder Rule," which provides that assignee holders of mortgage loans are subject to all of the claims and defenses the consumer has against the originating lender.  See 16 C.F.R. § 433.  The amended complaint does not, however, contain factual content sufficient to subject the alleged originating lender, Accredited, or Chase, as the alleged assignee, to liability under the UTPCPL.  On the other hand, the Court takes no position as to whether it contains sufficient factual content as to Mortgage Network.
    The plaintiffs also argue that Chase is liable under the UTPCPL for the conduct that would serve as the basis for independent violations of the TILA.  Even assuming that the plaintiffs are correct, the amended complaint fails to plead facts sufficient to give rise to the reasonable inference of plausibility required by Twombly and Iqbal.  To the contrary, the documents of which the Court has taken notice indicate that the plaintiffs were not only aware of, but also signed, documents acknowledging a prepayment penalty.  See Def.'s Mot. Ex. B.