IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID AND PAMELA JACKSON, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 09-cv-1549-MAM |
| | : | |
| v. | : | |
| | : | |
| ACCREDITED HOME LENDERS, INC., *et al.* | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANT U.S. BANK NATIONAL ASSOCIATION
<u>FOR ITS DISMISSAL FROM THE SECOND AMENDED COMPLAINT</u>**

Defendant U.S. Bank National Association ("US Bank") moves for its dismissal from the Second Amended Complaint of Plaintiffs, David and Pamela Jackson ("Plaintiffs"). Simply put, the Second Amended Complaint does not state a claim against US Bank or otherwise fails as a matter of law.

**I.      <u>INTRODUCTION</u>**

This case concerns a refinancing loan obtained by Plaintiffs, David and Pamela Jackson, with respect to their residence located at 14 Penn Oake Lane, Oxford, Pennsylvania 19363. To say that this is a bare-bones complaint is an understatement. The Second Amended Complaint does not satisfy the requirements of notice pleading as to US Bank; it consists only of bald assertions without legal or factual support as to US Bank. Indeed, it is contradicted by admissions that US Bank had nothing to do with the two underlying transactions. It is further contradicted by the documents that otherwise are integral to Plaintiffs' claims.

In any event, it is clear from the face of the Second Amended Complaint that the Truth-in-Lending ("TILA") claim is barred by its statute of limitations and that the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") claim is legally deficient as a matter of law.  As set forth in greater detail below, Plaintiffs' claims under TILA and violation of the UTPCPL against US Bank must be dismissed with prejudice pursuant to Rule 12(b)(6).

Many judges of this Court have already considered similar complaints from the same Plaintiffs' counsel and have rejected similarly vague allegations on initial motions to dismiss. See Garczynski v. Countrywide Home Loans, Inc., 656 F.Supp.2d 505 (E.D. Pa. Aug. 12, 2009) (Baylson, J.); Sherk v. Countrywide Home Loans, Inc., 2009 WL 2412750 (E.D. Pa. Aug. 5, 2009) (Savage, J.); Kamara v. Columbia Home Loans, LLC, 654 F.Supp.2d 259 (E.D. Pa. July 24, 2009) (McLaughlin, J.); Wenglicki v. Tribeca Lending Corp., 2009 WL 2195221(E.D. Pa. July 22, 2009) (Stengel, J.); Roche v. Sparkle City Realty, Inc. No. 98-cv-2158, 2009 WL 1674417 (E.D. Pa. June 15, 2009) (Kauffman, J.); Hartman v. Deutsche Bank Nat. Trust Co., 2008 WL 29965615 (E.D. Pa. Aug. 1, 2008) (Padova, J.); Ocasio v. Ocwen Loan Servicing, LLC, 2008 WL 2856392 (E.D. Pa. July 23, 2008) (Bartle, J.); Laychock v. Wells Fargo Home Mortg., 2008 WL 2890962 (E.D. Pa. July 23, 2008) (Sanchez, J.); Nelson v. DeVry, Inc., 2008 WL 2845300 (E.D. Pa. July 22, 2008) (McLaughlin, J.); Richardson v. Richardson, 2008 WL 2812977 (E.D. Pa. July 21, 2008) (Padova, J.); Morilus v. Countrywide Home Loans, Inc., 2007 WL 1810676 (E.D. Pa. June 20, 2008) (Stengel, J.).  Kemezis v. Matthew, 2008 WL 2468377 (E.D. Pa. June 16, 2008) (Baylson, J); Andrew v. Ivanhoe Financial, Inc., 2008 WL 2265287 (E.D. Pa. May 30, 2008) (Baylson, J.); Steele v. Meadows, 2008 WL 597790 (E.D. Pa. Mar. 5, 2008) (O'Neill, J.).  Indeed, the Court likewise dismissed almost this same complaint

before in this action. See Jackson v. Accredited Home Lenders, Inc., et al., 2009 WL 2596050, *3 (E.D. Pa. Aug. 21, 2009).

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On or about April 10, 2009, Plaintiffs filed a Complaint against Accredited Home Lenders, Inc. ("Accredited Home") as the originating lender, Real Estate Mortgage Network, Inc. ("Real Estate Mortgage Network") and Brett Dexter ("Dexter") as the mortgage broker, and Chase Home Finance LLC ("Chase") as the purported "assignee" of the loan. On June 26, 2009, Chase filed a Motion to Dismiss the Complaint. On or about July 14, 2009, Plaintiffs filed an Amended Complaint against Accredited Home, Real Estate Mortgage Network and Chase, once again alleged to be the purported "assignee" of the loan. The Amended Complaint consisted of nearly identical claims to the Second Amended Complaint, namely TILA and UTPCPL claims against Chase. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit "A." On August 21, 2009, the Court granted Chase's Motion to Dismiss the Amended Complaint. A true and correct copy of the Court's opinion is attached hereto as Exhibit "B." On September 8, 2009, Plaintiffs filed a Motion for Reconsideration of the August 21, 2009 Order.

On or about February 12, 2010, after Chase provided evidence to Plaintiffs and the Court that Chase is merely a servicer of this loan, and not the assignee, Chase and Plaintiffs stipulated that Chase would be dismissed with prejudice and removed from the caption of the case. A true and correct copy of the Stipulation is attached hereto as Exhibit "C." The Stipulation also provided that Plaintiffs were granted leave to amend their Amended Complaint to join and serve US Bank, the assignee of the loan, as a defendant, without prejudice to any of US Bank's defenses. On April 5, 2010, Plaintiffs filed a Second Amended Complaint against Accredited Home, Real Estate Mortgage Network, Inc. and US Bank. A true and correct copy

of the Second Amended Complaint is attached hereto as Exhibit "D."  The Second Amended Complaint was served on US Bank on May 3, 2010.

In the Second Amended Complaint, Plaintiffs essentially substitute the word "Chase" with "US Bank."  The Second Amended Complaint consists of two counts as to US Bank, i.e., TILA, and UTPCPL.  See Exhibit "D."  Although the Second Amended Complaint names the proper party, US Bank, the Second Amended Complaint is as legally deficient as the First Amended Complaint, which this Court previously dismissed.  See Exhibit "C."  In fact, the Court dismissed TILA and UTPCPL counts in the prior complaint with nearly identical language.  See Exhibit "C."

In support of their claims in the Second Amended Complaint, Plaintiffs asserted the following allegations.  Plaintiffs approached Real Estate Mortgage Network to "refinance their mortgage to lower their interest rate, pay off debts, and obtain a mortgage that would include taxes."  See Exhibit "D," ¶ 20.  They allege that Dexter, the broker and employee of Real Estate Mortgage Network, made certain misrepresentations to induce them to enter into the loan, namely that there was no prepayment penalty term.  See Exhibit "D," ¶¶ 29, 30.

In addition, Plaintiffs allegedly told Dexter that they "wanted a loan without a prepayment penalty."  See Exhibit "D," ¶ 22.  Dexter allegedly responded to Plaintiffs "that the best mortgage available for Plaintiffs would have an interest rate of approximately 11%, did not contain a prepayment penalty, would not include taxes, and would not pay off Plaintiffs' debts."  See Exhibit "D," ¶ 26.  Dexter allegedly "induced Plaintiffs to accept this mortgage by telling Plaintiffs that [Mortgage Network] would refinance Plaintiffs thereafter within one (1) year into a mortgage with the terms Plaintiffs desired."  See Exhibit "D," ¶ 29.  Plaintiffs then closed on the loan on July 26, 2006.  See Exhibit "D," ¶ 19.

According to the Second Amended Complaint, approximately one year later, in 2007, Plaintiffs were contacted by an employee of Real Estate Mortgage Network for the "promised refinance." See Exhibit "D," ¶ 35. The Real Estate Mortgage Network employee allegedly found a loan that would "pay off Plaintiffs' existing debt, including but not limited to a vehicle loan and doctors bills; have approximately a 6% fixed interest rate; and include an escrow for taxes." See Exhibit "D," ¶ 36. Thereafter, the Real Estate Mortgage Network employee informed Plaintiffs that they "did not qualify for this refinance as their 2006 mortgage included a five (5) year prepayment penalty (concealed)." See Exhibit "D," ¶ 38. Plaintiffs allegedly cannot refinance their mortgage without incurring an approximate $11,000 penalty. See Exhibit "D," ¶ 45. Plaintiffs' inability to refinance also allegedly caused Plaintiffs to fall behind on their taxes and caused an inability to pay certain other debt. See Exhibit "D," ¶ 41.

Plaintiffs alleged in their First Amended Complaint that in 2007, they discovered that there was "conflicting paperwork: Plaintiffs' initial Truth in Lending disclosures, disclosed no prepayment penalty but other paperwork revealed the existence of the prepayment penalty." See Exhibit "A," ¶ 44.[1] At the July 26, 2006 closing for the loan, however, Plaintiffs executed a Note with Prepayment Charge Rider to Note and a Truth in Lending Disclosure that provided for a prepayment penalty. See Exhibits "E" and "F."[2]

---

[1] This allegation of when Plaintiffs purportedly discovered the "conflicting paperwork" has been removed from the Second Amended Complaint.

[2] The Third Circuit has recognized that "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004) (quoting U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d. Cir. 2002)). Furthermore, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1182, 1196 (3d Cir 1993). Here, the terms of these documents lie at the heart of Plaintiffs' claims.

5

Based on these assertions, Plaintiffs purport to raise four causes of action, two of which are alleged against US Bank, i.e. Count I –TILA, 15 U.S.C. § 1601, *et seq*, and Count III - UTPCPL, 73 Pa.C.S. § 201-1, et seq.  US Bank is included as a defendant in these counts, notwithstanding that the Second Amended Complaint admits that US Bank was not a participant in the underlying transactions.

### III.   ARGUMENT

#### A.   Standard of Review

According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Court should dismiss a complaint that fails to state a claim upon which relief can be granted.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court should accept as true all allegations made in the complaint.  While viewing the complaint in the light most favorable to the plaintiff, however, the Court is not required to accept allegations that amount to "mere legal conclusions," "bald assertions without any factual support," "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions in the form of factual allegations."  Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997); see also Jenkins v. McKeithern, 395 U.S. 411, 412-22 (1969).  Furthermore, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 333 (3d Cir. 2001).

In Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), the United States Supreme Court outlined a more stringent pleading standard, emphasizing that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Id. at 1965.  The Supreme Court continued, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.  Here, when liberally construing the claims set forth in the Second Amended Complaint, the best that can be said of them is that they constitute "formulaic recitation of the elements of a cause of action." Id.  The United States Supreme Court has recently reaffirmed Twombly in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (May 18, 2009), unequivocally holding that, "[o]ur decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." Id.

Accordingly, "the Court need not assume that the plaintiff can prove facts that were not alleged in the complaint." Edwards v. Geisinger Clinic, 08-cv-1653, 2009 WL 585470, at *3 (M.D. Pa. March 6, 2009).  Accord Bermudez v. City of Phila., 2007 WL 1816469, *2 (E.D. Pa. 2007).  Moreover, the "factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant with the type of notice of claim which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  Therefore, "[i]n order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

In the case at bar, there is no factual matter to suggest, no less support, a claim against US Bank.  The Second Amended Complaint contains no factual allegations relating to US Bank; it is replete with conclusory legal assertions.  The Second Amended Complaint alleges no action or conduct on the part of US Bank that could give rise to liability and, for that reason, the Second Amended Complaint fails to state a claim against US Bank as further discussed below.

**B.     Count I – Plaintiffs' TILA Claim Fails as a Matter of Law**

　　1.　　**The TILA claim is time-barred.**

Plaintiffs' TILA claim is time-barred. A defendant may move for dismissal under Rule 12(b)(6) on the basis of the statute of limitations where "the time alleged in the statement of claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). There are separate limitations periods for the claims for money damages and rescission, but both expired before US Bank's joinder into the case.

　　　　a.　　**TILA statutory damages claim**

This Court previously held in this action that "any claim by the plaintiffs for monetary damages under TILA would be time-barred." Jackson v. Accredited Home Lenders, Inc., et al., 2009 WL 2596050, *3 (E.D. Pa. Aug. 21, 2009). An action premised on TILA disclosure violations which seeks monetary damages (*i.e.* actual or statutory damages) pursuant to Section 1640(a) must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); see also Roche v. Sparkle City Realty, 08-cv-2518, 2009 WL 1674417, *2 (E.D. Pa. June 12, 2009); In re Crisomia, No. Civ. A. 00-0-938, 2002 WL 31202722, at *4 (Bankr. E.D. Pa. Sept. 13, 2002) (TILA's one-year statute of limitations is applicable to action brought for monetary damages for disclosure violations). The date of the violation is deemed to be the date that the loan transaction was consummated, which in turn, is characterized as the time that "a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); see also Roche, 2009 WL 1674417 at *2; Bartholomew v. Northampton Nat'l Bank, 584 F.2d 1288, 1296 (3d Cir. 1978) (TILA requires that creditors make full disclosures prior to the extension of credit and thus, the statute begins to run on the date that a contract to sell land is executed); In re Escher, No. 05-607, 2007 WL 1683563, at *3

8

(Bankr. E.D. Pa. June 12, 2007) (dismissing TILA statutory damages claim as time-barred where the Amended Complaint was filed "well more than a year from the date of the violation"); Oldroyd v. Associates Consumer Discount Co., 863 F.Supp. 237, 240 (E.D. Pa. 1994) (dismissing TILA claims as time-barred because "the one year limitations period must run from the date of the complained-of violation" which is the date the lender allegedly failed to make the requisite disclosures); In re Woolaghan, 140 B.R. 377, 381 (W.D. Pa. 1992) (violation occurs when a contractual relationship is created between creditor and consumer).

The Second Amended Complaint alleges that defendants violated TILA either prior to, or at the time of, the July 26, 2006 consummation of the loan. See Exhibit "A," ¶¶ 49-54. Thus, at the very latest, the alleged "violation" for purposes of TILA's one-year statute of limitations is deemed to have occurred on the loan's closing date – July 26, 2006. See Exhibit "A," ¶ 20. Plaintiffs did not file the initial Complaint until April 10, 2009, which is nearly three years after the July 26, 2006 closing, and did not file the Second Amended Complaint against US Bank until April 5, 2010, nearly four years after the closing. Therefore, Plaintiffs' TILA claim for damages is barred by the one-year statute of limitations.

Finally, Plaintiffs cannot save their TILA damages claim by arguing "recoupment." The Third Circuit has already held that recoupment cannot be the basis for an independent claim. In re Flagstaff Realty Assocs., 60 F.3d 1031, 1035 (3d Cir. 1995). Accord Jackson v. Accredited Home Lenders, Inc., 09-cv-1549, 2009 WL 2596050 (E.D. Pa. Aug. 21, 2009) ("As the United States Court of Appeals for the Third Circuit has explained, recoupment is a defensive claim that can only be asserted in response to an independent action instituted by another party."). See also Kamara v. Columbia Home Loans, LLC, 654 F.Supp.2d 259, 264 (E.D. Pa. July 24, 2009) (holding that "recoupment does not permit the party asserting it 'to

9

present otherwise time-barred claims simply by creative pleading in an independent proceeding brought by it.'") (*quoting* Algrant v. Evergreen Valley Nurseries Ltd., P'ship, 126 F.3d 178, 184 (3d Cir. 1997)). Plaintiffs' bald allegation that TILA "has three distinct remedies," not just the two remedies actually set forth in the statute (rescission and damages), is unfounded. See 15 U.S.C. § 1635 and 15 U.S.C. § 1640. Recoupment is a defense, not an affirmative claim.

### b. TILA rescission claim

Additionally, Plaintiff's claim for rescission under TILA is barred by the three year statute of repose. Sherzer v. Homestar Mortgage Services, 2010 WL 1947042, *9 (E.D. Pa. May 7, 2010). "An obligor's right to rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first…" 15 U.S.C. § 1635(f) (setting forth time limit for exercise of rescission under TILA and HOEPA). "This is not a statute of limitations, but a statute of repose, which is finite and cannot be tolled." Kemezis v. Matthew, Civ. A. No. 07-5086, 2008 WL 2468377, *3 (E.D. Pa. June 16, 2008) (citing Beach v. Ocwen, 523 U.S. 410, 417 (1998)); Lavelle v. M&T Mortg. Corp., 2006 WL 2346320, *3 (E.D. Pa. Aug. 11, 2006) (15 U.S.C. § 1635(f) is a statute of repose and therefore TILA and claim seeking rescission must be dismissed with prejudice."). Thus, as it is governed by a statute of repose, at the very latest, the rescission claim against US Bank must have been asserted by July 26, 2009, three years from the date of consummation of the transaction. Here, US Bank was not joined until April 5, 2010. Consequently, Count I against US Bank is untimely and must be dismissed with prejudice.

### 2. The TILA claims fail on their face

As a general matter, assignees of loans under TILA take loans free of TILA claims which are not readily apparent from the disclosure documents. In re Blythe, 413 B.R.

205, 210-211 (Bankr. E.D. Pa. 2009) (citing 15 USC 1641(a) and (3) providing that in a case of a loan secured by real estate, the assignee's duty to inquire as to defects is limited to certain documentation). TILA only permits a claim for statutory damages and attorneys' fees against an assignee where there is a violation that is apparent on the face of the disclosure statement. 15 U.S.C. § 1641(e)(1)(A); Ramadan v. Chase Manhattan Corp., 229 F.3d 194, 197 (3d Cir. 2000); Kane v. Equity One, Inc., No. 03-cv-3931, 2003 WL 22939377, *3 (E.D. Pa. 2003). Here, the loan documents unequivocally show that there is no such defect. (See Exhibits E and F.)

A violation is apparent on its face if: (1) the disclosure can be determined to be inaccurate by a comparison among the disclosure statement, itemization of amount financed, note, or any other disclosure of disbursement; or (2) the disclosure does not use the terms or format required to be used. See Ramadan, 229 F.3d at 197. Assignees have no duty of inquiry and are only liable for "violations that a reasonable person can spot on the face of the disclosure statement . . . ." Id. at 198. Assignees "have no duty to inquire or refer evidence or documents extraneous to the disclosure documents in cases where the alleged violation is not apparent on the face of the disclosure documents assigned." In re Reagoso, 2007 WL 1655376, *5 (Bankr. E.D. Pa. 2007).

Here, the prepayment penalty is clearly disclosed on the Federal Truth in Lending Statement which was signed by Plaintiffs. (See Exhibit "F.") Further, the disclosure contains no formatting irregularities or improper terminology. (See Exhibit "F.")

Given that the items of which Plaintiff complains were, in fact, accurately disclosed in the loan documentation they executed, these claims must fail. Pennsylvania law is clear that the failure to read a contract is no defense to its enforcement because a party is "legally bound to know the terms of the contract in which [he] engaged." Montgomery v. Levy, 177

A.2d 448, 450 (Pa. 1962); see also Standard Venetian Blind Co. v. AM Empire Ins., 469 A.2d 563, 566 (Pa. 1983); Hornberger v. General Mot. Corp., 929 F. Supp. 884, 890 (E.D. Pa. 1996). Moreover, contracting parties are bound by their agreements, without regard to whether the terms thereof were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains. See, e.g., Simeone v. Simeone, 581 A.2d 162, 165 (Pa. 1990) (signer is bound by the "stone wall" built around them); Mormello v. Mormello, 682 A.2d 824, 828 (Pa. Super. 1996). Accordingly, Plaintiffs' claim against US Bank for damages under TILA fails and must be dismissed.

In fact, Plaintiffs do not give the slightest indication as to how any of the TILA disclosures made in connection with the subject mortgage loans were improper or inaccurate. What is clear, however, is that Plaintiffs did in fact receive TILA disclosures, including the Truth in Lending Disclosure Statement, which Plaintiffs signed. See Exhibit "F."

### 3. There is no tender and therefore no right to rescind

In addition, TILA rescission would be nothing more than an "empty remedy" for the Plaintiffs in any event. The Second Amended Complaint does not properly aver the conditions precedent to permit a rescission, including proper notice of rescission and an ability to tender. As a threshold matter, the Plaintiffs did not (and do not provide any support to the contrary) give notice of rescission pursuant to § 1635 and Regulation Z § 226.23. Instead, they merely state in the Second Amended Complaint that they "either have previously rescinded the loan greater than twenty days prior to the filing of this Complaint . . . or, to the extent this Honorable Court may find that [the Jacksons] have not already rescinded the loan, [the Jacksons] do hereby exercise their right to rescind same and this Complaint shall hereby constitute [the Jacksons'] Notice of Rescission pursuant to TILA, 15 U.S.C. § 1601, et seq." (See Second

Amended Complaint, ¶ 71). There is no purported notice of rescission attached to the Second Amended Complaint, and courts have held that a complaint does not constitute a valid rescission demand. See, e.g., Alford v. Wachovia Bank, 2010 WL 415260, *8 (E.D. Cal. Jan. 26, 2010) (holding that the complaint is not a timely, valid rescission notice). Accord Rogers v. Cal. State. Mortgage Co., Inc., 2010 WL 144861, *10 (E.D. Cal. Jan. 11, 2010), Kelley v. Countrywide Home Loans, Inc., 2009 WL 3489422, *8 (E.D. Cal. Oct. 26, 2009); Rendon v. Countrywide Home Loans, Inc., 2009 WL 3126400, *6 (E.D. Cal. Sept. 24, 2009); Martinez v. EMC Mortgage Corp., 2009 WL 2043013, *6 (E.D. Cal. July 13, 2009); Carlos v. Ocwen Loan Servicing, LLC, 2009 WL 1295873, *4 (E.D. Cal. May 8, 2009). But see In re O'Brien --- B.R. ---, 2010 WL 251660, *15 (Bankr. D. N. J. January 22, 2010).

In addition, the Second Amended Complaint does not allege an ability to tender. Without the borrowers' meaningful tender, "TILA rescission is an empty remedy, not capable of being granted." See Alford, 2010 WL 415260, at *8 (the complaint's silence on tender of loan proceeds "is construed as [borrowers'] concession of inability to do so."). See generally Valdez v. America's Wholesale Lender, 2009 WL 5114305, *4 (N.D. Cal. Dec. 18, 2009) (discussing cases). See also Yaramoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003) (holding that it is within a district court's "discretion to condition rescission on tender by the borrower of the property he had received from the lender."). Thus, the Second Amended Complaint does not state a claim for rescission in any event.

C.  **Plaintiffs' UTPCPL Claim Fails as a Matter of Law**

Plaintiffs' claim in Count III, which is brought pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law, is substantively deficient. Plaintiffs merely list a number of subsections of the UTPCPL they assert were violated, but provide no further explanation as to how each defendant violated the respective subsections. Specifically, Plaintiffs

allege "Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding" and that "Defendants failed to comply with TILA and the CSA, respectively, which is a violation of the UTPCPL."[3] (Second Amended Complaint, ¶ 79).

### 1. Catch-All Provision

As this Court previously held with this same counsel, "Plaintiffs' allegations of a UTPCPL catch-all claim is essentially no more than a restatement of the elements of the statute. Plaintiffs cannot adequately plead that [defendant] violated the UTPCPL simply by pasting the language of the statute into their Amended Complaint." Garczynski v. Countrywide Home Loans, Inc., 656 F.Supp. 2d 505, 513 (E.D. Pa. Aug. 12, 2009). Thus, "[s]ince the allegations in the Amended Complaint fail to meet even Rule 8(a) notice pleading standards, it is unnecessary for the Court to conduct a Rule 9(b) analysis." Garczynski, 656 F.Supp.2d at 513.

In any event, Plaintiffs have failed to meet the heightened pleading requirements of Rule 9(b). The "underlying foundation" of the UTPCPL is "fraud prevention." See Commonwealth v. Monumental Properties, Inc., 329 A.2d 812, 816 (Pa. 1974). Plaintiff must establish the following six elements of a prima facie case for common law fraud by clear and convincing evidence: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. See Rock v. Voshell, 397 F. Supp.2d 616, 622 (E.D. Pa. 2005) (citing to Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994)). Therefore, the heightened pleading requirements of Federal Rule of Civil Procedure

---

[3] US Bank is not named as a defendant in the CSA count. Accordingly, the CSA language in paragraph 79 of the Second Amended Complaint is not directed to US Bank and does not apply to US Bank.

9(b) are likewise applicable to causes of action under the UTPCPL. See In re Balko, *supra* at 696.  See also Fass, 2006 WL 2129098, at *2.  This Court has previously concluded in this case that "even in the absence of a heightened pleading requirement, the amended complaint does not plead sufficient facts to show that Chase engaged in deceptive conduct."  Jackson, 2009 WL 2596050, at *4.

        Moreover, Plaintiffs' claims for violation of the UTPCPL also fail because the alleged misrepresentations were purportedly made either at, or prior to, the loan closing.  Roche, 2009 WL 1674417, at *4.  The Second Amended Complaint does not contain any allegations of unfair or deceptive conduct with respect to US Bank.  Garczynski v. Countrywide Home Loans, Inc., 656 F.Supp.2d 505 (E.D. Pa. Aug. 12, 2009) (quoting Judge Stengel, in Morilus v. Countrywide Home Loans, Inc., 651 F.Supp.2d 292, 302-03 (E.D. Pa. 2008), "my reasons for dismissing this claim remain the same as for all other claims based on alleged representations by Countrywide: the plaintiffs have not shown that Countrywide made any representations to them . . . . without a representation, there was no misrepresentation.").  Indeed, the Second Amended Complaint admits that US Bank was not even a party to the underlying transactions.   Therefore, US Bank had no involvement in the matters at issue and cannot as a matter of law have any claim against it under the UTPCPL.  See Morilus, 2007 WL 1810676, *5 (E.D. Pa. June 20, 2007) (dismissing Plaintiffs' UTPCPL claim where Plaintiffs failed to allege with particularity the elements necessary to support a violation of the UTPCPL as to each particular Defendant).  See also Stoudt v. Alta Fin. Mortg., 2009 WL 661924, *2 (E.D. Pa. Mar. 10, 2009) (dismissing claims where no conduct alleged against person who was not party to underlying transaction at issue).  Nor could it because the alleged misrepresentations occurred prior to any involvement of US Bank in regard to the loan at issue.

However, even to the extent that Plaintiffs argue that any conduct of Accredited Home inures to US Bank, this is also incorrect. Numerous courts have found that loan assignees cannot be held liable under the UTPCPL without allegations that they themselves committed specific wrongful actions. For example, this Court recently held in Stoudt v. Alta Fin. Mortgage, that

> [A]ffirmative claims of fraud and violations of consumer protection laws, including Pennsylvania's affirmative claims of fraud and violations of consumer protection laws, including Pennsylvania's, are inappropriate to assert against an assignee where there are no allegations that the assignee had any contact with the mortgagor or made any representations to the mortgagor and the factual basis for the claims occurred prior to assignment of the mortgage loan.

2009 WL 661924 at *2. See also Colanzi v. Countrywide Home Loans, Inc., 2008 WL 483446, *3 (E.D. Pa. Feb. 2008) (finding that a loan assignee could not be liable under the UTPCPL for deceptive conduct where assignee was not involved with the loan until after it was made and was not alleged to have committed wrongdoing); McMaster v. CIT/Group/Consumer Fin., Inc., 2006 WL 1314379, *11 (E.D. Pa. 2006) (while defendant is holder of the mortgage, it cannot be held liable under the UTPCPL because plaintiff has not offered any evidence to show that the defendant was a culpable party). Therefore, the UTPCPL catchall claim must be dismissed.

    2. **"Per Se" Violation of TILA**

Plaintiffs have improperly attempted to bootstrap alleged violations of many other statutes into a UTPCPL claim. See Exhibit "A," ¶ 79(b) (alleging "per se" violations of UTPCPL based on alleged violations of TILA and CSA). Many judges in this district have already rejected Plaintiffs' counsel's argument that TILA violations are per se violations of the UTPCPL. Garczynski v. Countrywide Home Loans, Inc., 6565 F.2d 505, 514 (E.D. Pa. Aug. 12, 2009) (listing cases). See also Birchall v. Countrywide Home Loans, Inc., No. 08-2447, 2009

16

WL 3822201, * 9 (E.D. Pa. Nov. 12., 2009) ("this novel theory, for which [plaintiff] provides no legal support has been repudiated in numerous opinions by judges in this district considering motions to dismiss complaints filed by [plaintiff's] counsel"); Sherk v. Countrywide Home Loans, Inc., No. 08-5969, 2009 WL 2412750, *8 (E.D. Pa. Aug. 5, 2009) (plaintiffs "have offered no legal authority for the proposition that violations of TILA or RESPA constitute per se violations of the UTPCPL"); Wenglicki v. Tribeca Lending Corp., 2009 WL 2195221, at *6 (E.D. Pa. July 22, 2009) (dismissing UTPCPL claim where plaintiff alleged that a FCEUA violation was a *per se* violation of the UTPCPL); Morilus v. Countrywide Home Loans, Inc., No 07-cv-900, 2008 WL 5377627, at *13 (E.D. Pa. Dec. 22, 2008) (rejecting virtually identical allegations concluding that the UTPCPL claims cannot be predicated upon alleged violations of TILA and RESPA).

Indeed, such language was previously rejected by this Court in this case, "each of the violations, however, is wholesale copy of a UTPCPL provision or a conclusory allegation against 'Defendants' that does not withstand scrutiny under Twombly and Iqbal." Jackson v. Accredited Home Lenders, Inc., 2009 WL 2596050, *4 (E.D. Pa. Aug. 21, 2009). Accordingly, the UTPCPL "per se" claim must also be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant, US Bank, respectfully requests that the Court grant its Motion to Dismiss it from Plaintiffs' Second Amended Complaint. Count I, which seeks TILA is time-barred and also fails substantively. Count III, UTPCPL, is clearly contrary to applicable law and the facts admitted in the Second Amended Complaint. Therefore,

dismissal of US Bank from Count I and Count III with is appropriate at this time. Since there are no other claims against US Bank, it must be dismissed from the action, with prejudice.[4]

/s/ Katie M. Gaughan
Andrew K. Stutzman (PA I.D. No. 72922)
Katie M. Gaughan (PA I.D. No. 91351)
STRADLEY RONON STEVENS & YOUNG LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
astutzman@stradley.com
kgaughan@stradley.com

Counsel for Defendant U.S. Bank National Association

Dated: June 22, 2010

---

[4] See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (observing that the district court may exercise its discretion to dismiss claims with prejudice when leave to amend would be futile).