# EXHIBIT D

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
7 SOUTH MORTON AVE.
MORTON, PA  19070
610-690-0801

| | | |
|---|---|---|
| David and Pamela Jackson, | : | |
| Individually & H/W | : | |
| 14 Penn Oak Lane | : | |
| Oxford, PA 19363 | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 09-1549 |
| | : | |
| Accredited Home Lenders, Inc. | : | |
| 15253 Avenue of Science | : | |
| San Diego, CA 92128 | : | |
| | : | |
| and | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Real Estate Mortgage Network, Inc. | : | |
| 70 Grand Avenue, Suite 109 | : | |
| River Edge, NJ  07661 | : | |
| | : | |
| and | : | |
| | : | |
| U.S. Bank National Association, as trustee | : | |
| for the benefit of the holders of the Asset | : | |
| Backed Funding Corporation Asset Backed | : | |
| Certificates, series 2006-HE1 | : | |
| 425 Walnut St. | : | |
| Cincinnati, OH 45202 | : | |
| | : | |
| and | : | |
| | : | |
| John Does 1-10 | : | |
| Defendants | : | |

## SECOND AMENDED CIVIL ACTION COMPLAINT

## I.   Preliminary Statement

1.   Otherwise known as an action in "Predatory Lending," this is an action alleging, *inter alia*, unfair or deceptive acts and practices ("UDAP"), as well as regulatory violations specifically pertaining to lending, federal strict liability statutes pertaining to collections, and

2.   This action seeks, *inter alia*:

    a.   Actual and compensatory damages;
        i.   Return of all closing and related costs, including appraisal fee and pre-paid finance charges;
        ii.   Return of all interest charged;
        iii.   Reimbursement of all diminished or lost real estate equity;
        iv.   Payment of all related profits, including yield spread premium and commission;
        vi.   Emotional distress, and pain and suffering;
        vii.   Such other further direct or consequential damages as are known or may become known during discovery or at trial.

    b.   Equitable/injunctive relief;
        i.   Stay of or relief from any pending collection action or activity;
        ii.   Rescission and voiding of any mortgage or like interest;
        iii.   Waiver/forgiveness of any claimed debt/arrearage; and
        iv.   Credit repair.

    c.   Statutory penalties;

    d.   Exemplary relief, including treble and punitive damages; and

    e.   Attorneys fees and costs.

3.   Individually, and jointly and severally, this action requests relief for, *inter alia*, the facts stated or inferred, which are averred upon information and belief or averred as believed will become known in discovery or at trial.

4.      This action may rely on the "Discovery Rule" and the Doctrine(s) of Equitable

Tolling/Fraudulent Concealment.

5.      Each and every averment herein is incorporated throughout as if fully set forth at length.

### II.      Jurisdiction and Venue

6.      Jurisdiction in this Honorable Court is based on federal question and diversity conferred

by 28 U.S.C. §1331 and 1332, respectively; supplemental jurisdiction over state law claims is

granted by 28 USC §1367.

7.      Venue lies in this District in that the events giving rise to this claim occurred here, at least

one (1) Defendant resides, maintains a principal place of business, is incorporated or does

business here, or the subject of this action is situated within this district.

### III.      Parties

8.      Plaintiffs, David and Pamela Jackson ("Plaintiffs" and/or "Mortgagors"), are adult

individuals and husband and wife, at all times material residing at the above-captioned address

(hereinafter "Premises").

9.      Defendant, Accredited Home Lenders, Inc. ("Originating Lender"), is a corporation under

and by virtue of the laws of the State of California, maintaining its principal place of business at

the above captioned address, at all times material acting as Plaintiffs' mortgage lender and/or

servicer.

10.      Defendant, Real Estate Mortgage Network, Inc. ("Mortgage Brokerage"), is a corporation

under and by virtue of the laws of the State of New Jersey, maintaining its principal place of

business at the above captioned address, at all times material acting as Plaintiffs' mortgage

brokerage.

11.     Defendants, U.S. Bank National Association, as trustee for the benefit of the holders of

the Asset Backed Funding Corporation Asset Backed Certificates, series 2006-HE1

("Assignee"), is a corporation under and by virtue of the laws of the State of Ohio, maintaining

its principal place of business at the above captioned address, at all times material acting as

Plaintiffs' mortgage assignee.

12.     Defendants, John Doe 1-10, is a moniker for individuals and entities currently unknown

but will be substituted when known, as affiliated, associated or liable hereunder for the reasons

set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in

each and every Count and averment listed above and below.

## IV.     Operative Facts

### A.     Introduction

13.     At all times material, Defendants were acting individually, within the course and scope of

their authority and employment, and/or through their agents, servants, work-persons, and/or

employees, respectively.

14.     At all times material, Defendants acted individually and/or on behalf of each other as

agents, servants, work-persons, alter ego's, and/or employees thereof.

15.     Defendants are liable to Plaintiffs, directly, indirectly, contractually, expressly, implicitly,

as a matter of law and/or vicariously, including but not limited to liability via a third-party

beneficiary relationship, and/or via conspiring and/or aiding and abetting.

### B.     Functions of and Relationships Between Parties

16.     Between and on behalf of both Originating Lender and Plaintiffs, Mortgage Brokerage

acted as an intermediary to secure and source the subject loan.

17.     Through Mortgage Brokerage, Originating Lender underwrote and originated the loan between itself and Plaintiffs.

18.     Assignee purchased loan from Originating Lender with the TILA violations apparent on the face of the papers.

<div align="center">C.     <u>The Loan</u></div>

19.     At all times material, Plaintiffs were borrowers and/or mortgagors subject and/or party to a mortgage and note (collectively "Loan") refinance dated July 26, 2006 ("Closing").

20.     Plaintiffs approached Defendant, Mortgage Brokerage, to refinance their mortgage to lower their interest rate, pay off debts, and obtain a mortgage that would include taxes.

21.     Upon contacting Mortgage Brokerage, Plaintiffs were put in touch with Mortgage Brokerage's employee, Brett Dexter ("Dexter") (non-party).

22.     Plaintiffs expressly told Dexter that Plaintiffs wanted a loan without a prepayment penalty.

23.     Dexter promised Plaintiffs that they would not have a prepayment penalty.

24.     Plaintiffs additionally told Dexter that they were looking for a mortgage that included an escrow for taxes.

25.     After their original conversation, presumably after searching for the best terms for Plaintiffs, Dexter advised Plaintiffs that they would not be able to get Plaintiffs a loan with payments in the range they wanted if taxes were included.

26.     Despite Plaintiffs' above reasons for refinancing, Dexter informed Plaintiffs that the best mortgage available for Plaintiffs would have an interest rate of approximately 11%, did not contain a prepayment penalty, would not include taxes, and would not pay off Plaintiffs' debts.

27.     Under Dexter's proposed mortgage, Plaintiffs monthly payments were approximately $2,000.00 and their taxes were an additional monthly payment of approximately $1,000.00.

28.     Plaintiffs were hesitant to accept this mortgage as it did not contain the terms they desired, did not achieve all of their stated goals, and could potentially be unaffordable as the taxes were not included and did not pay off Plaintiffs' other debts.

### i.     THE BAIT

29.     Dexter induced Plaintiffs to accept this mortgage by telling Plaintiffs that Mortgage Brokerage would refinance Plaintiffs thereafter within one (1) year into a mortgage with the terms Plaintiffs desired.

30.     Dexter told Plaintiffs that he realized that the terms were not great but that the loan did not contain a prepayment penalty so Plaintiffs would be able to refinance in a year.

31.     At Closing, Plaintiffs specifically looked for, and found the disclosure that stated that there would not be a pre-payment penalty.  (Exh. A).

32.     Relying on Dexter's promise to refinance in a year and due to the disclosure stating that there would not be a prepayment penalty, Plaintiffs signed the loan documents at closing, enabling the mortgage to be recorded as a secured lien against Plaintiffs' home and for Plaintiffs to be personally liable under the note.

33.     Plaintiffs' timely made their mortgage payments for one (1) year.

34.     Plaintiffs justifiably relied on Dexter's promise that the mortgage would not contain a prepayment penalty as they saw the disclosure that did not have the penalty. (Exh. A).

35.     In or around August 2007, Plaintiffs were contacted by Mortgage Brokerage's employee, Paul Walker ("Walker") (non-party) for the promised refinance.

36.     Walker represented to Plaintiffs that he found them a refinance that would pay off Plaintiffs' existing debt, including but not limited to a vehicle loan and doctors bills; have approximately a 6% fixed interest rate; and include an escrow for taxes.

37.     Plaintiffs were thrilled at this news as Mortgage Brokerage was keeping its promise and Walker's proposed mortgage contained the terms Plaintiff initially requested.

ii.     THE SWITCH

38.     Shortly thereafter, Walker informed Plaintiffs that Plaintiffs did not qualify for this refinance as their 2006 mortgage included a five (5) year prepayment penalty (concealed).

39.     Plaintiffs searched through their records and found that the paperwork that Plaintiffs received from the closing did not have a prepayment penalty included in the terms.  (Exh. A).

40.     Upon Walker's assertion that the loan contained a prepayment penalty, Plaintiffs contacted Defendant, Assignee, regarding the loan documents in Assignee's possession.

41.     Assignee sent Plaintiffs a copy of the file it had been given presumably by Originating Lender.

42.     Upon review of Assignee's file, Plaintiffs discovered that there was conflicting paperwork: Plaintiffs' "initial" Truth in Lending disclosure ("TIL") disclosed no prepayment penalty but the "final" TIL revealed the existence of the prepayment penalty.  (Exhs. B & C).

43.     Additionally, Plaintiffs note different Hud-1's. (Exh. D – date day of closing; Exh. E – dated August 1, 2006).

44.     Due to the prepayment penalty, Plaintiffs could not refinance their mortgage without incurring an approximate eleven thousand dollar ($11,000.00) penalty, which is cost prohibitive.

45.     Due to the concealed terms, Plaintiffs were unable to refinance, fell behind on their taxes and were unable to pay other, unsecured debt.

D.     Loan Assignment and Servicing

46.     Thereafter the Closing, the loan was sold by Originating Lender to Assignee, who is liable therefore and thereunder by written agreement and as a matter of law.

47.     On their face, the notices provided to Assignee were defective, placing Assignee on notice of Plaintiffs' claims.

E.     Implied Authority, Joint Venture, Aiding and Abetting Liability, and Ratification

48.     Each party contributed capital, services, skill, and knowledge to the transaction to enable the closing.

49.     Profits were shared between Originating Lender and Mortgage Brokerage derived from the closing and loan.

50.     Originating Lender submitted to Mortgage Brokerage a rate sheet of available interest rates and loan products which Mortgage Brokerage chose the ultimate closing rate and loan terms which became effective after Mortgage Brokerage, with Plaintiffs, satisfied Originating Lender's conditions, which loan application (known as a "1003") was submitted by Mortgage Brokerage to Originating Lender, all resulting in Mortgage Brokerage and Originating Lender's right of mutual control over the transaction.

51.     The Yield Spread Premium ("YSP") to Mortgage Brokerage and disclosed, properly attributable finance charge to Originating Lender makes the loan transaction a joint venture between Originating Lender and Mortgage Brokerage.

52.     This was the only transaction between Plaintiffs, Mortgage Brokerage and Originating Lender, and, upon information and belief, relatively one of the few between Mortgage Brokerage and Originating Lender.

53.   Mortgage Brokerage was directed by Originating Lender to do all that was necessary to make the loan close upon the ultimate terms for Mortgage Brokerage and Originating Lender's ultimate profit.

54.   Plaintiffs believed and were lead to believe that Mortgage Brokerage was acting on behalf of Originating Lender in formulating the ultimate loan terms.  In fact, Mortgage Brokerage acted on behalf of Originating Lender in formulating the ultimate loan terms.

55.   Originating Lender, with Mortgage Brokerage, acted pursuant to a common design or plan, and rendered substantial assistance to Mortgage Brokerage, to effectuate the bait and switch.

56.   Upon information and belief, Originating Lender was aware or should have been aware that Mortgage Brokerage had applied Plaintiffs for other loans and that Plaintiffs had, in fact, qualified for and were promised the original loan terms by Mortgage Brokerage ("bait"), and Originating Lender nonetheless not only ratified, but encouraged Mortgage Brokerage's change ("switch") of Plaintiffs to the ultimate loan terms for Originating Lender's ultimate benefit.

F.      Injuries

57.   As a result of the foregoing, Plaintiffs have suffered injuries including, but not limited to: (1) pain and suffering, including emotional distress and embarrassment; (2) damage to credit rating; (3) financial loss(es), including lost opportunity(ies) and/or equity; (4) loss and/or possible loss of the premises; (5) attorneys fees and court costs; and/or (6) such other and further injuries as will be determined in discovery and/or at trial, including aggravation of a pre-existing condition(s).

V.      Causes of Action

58.     Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

59.     Plaintiffs are natural people provided with the right to defer payment of debts or to incur payment of debt and defer payment, and the credit offered or extended was primarily for personal, family and/or household purposes.

60.     As a matter of law, Plaintiffs and Defendants are "persons."

61.     Originating Lender and/or Assignee regularly extend consumer credit, six (6) or more loans per year, two (2) or more high cost mortgages per year, and/or one (1) or more of such high cost mortgages through a broker, such as Mortgage Brokerage.

62.     This loan was a federally related mortgage loan, made by a federally-insured depository lender, is HUD-related, and/or was intended to be sold on the secondary market or to creditors who make or invest more than one million dollars a year in residentially secured loans.

### COUNT I
### Truth-in-Lending Act ("TILA")
*Originating Lender and Assignee[1]*

63.     At all times material, Defendants, in the ordinary course of business, extended and arranged for the extension of consumer credit or offered to extend or arrange for the extension of such credit.

64.     The Loan was a residential mortgage loan subject to Plaintiffs' right of rescission and recoupment described by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

65.     This is not a refinancing or consolidation by the same creditor regarding the same property.  15 U.S.C. §1635(e)(2).

---

[1] See above definitions.

66.    In said loan transaction, Plaintiffs did not receive the disclosures required by the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601, et. seq., and Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R §226.1 et seq.

67.    Defendants failed to deliver all "material" disclosures required by TILA and Regulation Z.

68.    Due to the violations of TILA and Regulation Z, Plaintiffs have an ongoing right to rescind.

69.    Plaintiffs either have previously rescinded the loan greater than twenty days prior to the filing of this complaint and Defendants have taken no action to rescind the loan in contravention of their responsibilities under TILA, or, to the extent this Honorable Court may find that Plaintiffs have not already rescinded the loan, Plaintiffs do hereby exercise their right to rescind same and this Complaint shall hereby constitute Plaintiffs' Notice of Rescission pursuant to TILA, 15 U.S.C. §1601, et seq.

70.    Defendant, Assignee, is liable for these violations as arising from facially defective disclosures.

71.    The differing TIL's regarding the differing possibilities of a pre-payment penalty is confusing.

72.    The differing Hud-1's are confusing.

73.    The differing Hud-1's state different pre-paid finance charges.

74.    The differing TIL's fail to consistently highlight the APR and Finance Charge boxes.

75.    The differing TIL's differ with regard to their material disclosures (APR, Finance Charge, Amount Financed, Total of Payments, Monthly Payment due dates).

## COUNT II
### Credit Services Act ("CSA")

*Mortgage Brokerage*

76.   Mortgage Brokerage is a Credit Services Organization and Loan Broker as defined under

the CSA, 73 P.S. §2182, et seq.

77.   Defendant has violated the CSA for:

> (a) Making or using any untrue or misleading representations in the
> offer or sale of the services of a credit services organization or
> engage directly or indirectly in any act, practice or course of
> business which operates or would operate as a fraud or deception
> upon any person in connection with the offer or sale of the
> services of a credit services organization;

> b) Making or using any false or misleading representations or omit
> any material fact in the offer or sale of the services of a loan
> broker or engage directly or indirectly in any act that operates or
> would operate as fraud or deception upon Plaintiffs in connection
> with the offer or sale of services of a loan broker,
> notwithstanding the absence of reliance by the Plaintiffs.

## COUNT III
### Unfair Trade Practices And Consumer Protection Law ("UTPCPL")
*All Defendants*

78.   The UTPCPL, 73 P.S. §201-1, et seq., proscribes, *inter alia*, engaging in any "unfair or

deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

79.   As described, the actions of Defendants constitute unfair or deceptive acts and practices

under the UTPCPL, of which Plaintiffs justifiably relied, additionally including, *inter alia*:

> a. Defendants engaged in fraudulent or deceptive conduct
> which created a likelihood of confusion or of
> misunderstanding, 73 P.S. §201-2(xxi);

> b. Defendants failed to comply with TILA and the CSA,
> respectively, which is a violation of the UTPCPL;

80.   Plaintiffs justifiably relied on Dexter's assertion that there was not a prepayment penalty

in the mortgage.

81.   On the face of the documents the loan was intentionally confusing to plaintiffs.

## COUNT IV
## FRAUD/FRAUDULENT MISREPRESENTATION
### *Mortgage Brokerage*

82.   Defendant's fraud and fraudulent misrepresentations included, but were not limited to,

intentionally concealing, failing to warn and misrepresenting the loan terms to Plaintiffs thereby

wrongfully inducing Plaintiffs to execute the loan to Plaintiffs' detriment.

83.   At all times material, Plaintiffs justifiably and detrimentally relied upon the material

fraud and fraudulent misrepresentations of Defendant, which resulted in the above damages.

**VI.     Prayer for Relief**

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment in their favor

and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-

five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems

necessary and just, and to Order the following relief:

    a.  Rescission of the loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendants;

    b.  Termination of any security interest in Plaintiffs' property which may have been created under the loan;

    c.  Return of any money or property given by Plaintiffs to anyone, including Defendants, in connection with the transaction;

    d.  Statutory damages;

    e.  Forfeiture and return of loan proceeds;

    f.  Damages, including;
        i.  Actual damages;
        ii.  Treble damages;
        iii.  Attorneys fees and expenses, and costs of suit; and
        iv.  Punitive Damages.

Weisberg Law, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
Attorneys for Plaintiffs

# Exhibit A

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

(MADE IN COMPLIANCE WITH FEDERAL LAW)

Lender/Broker: Real Estate Mortgage Network, Inc.
Loan No.: 05912298
Borrower(s): David Jackson
Pamela Jackson
Date: 07/26/06
Property Address: 14 Penn Oak Ln
Oxford, PA 19363

[X] Initial Disclosure estimated at time of application
[ ] Final Disclosure based on contract terms

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you assuming the annual percentage rate does not change. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf as of loan closing. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled assuming the annual percentage rate does not change. |
|---|---|---|---|
| E 8.805 % | $ E 483376.29 | $ E 226526.71 | $ E 709903.00 |

YOUR PAYMENT SCHEDULE WILL BE:

| NUMBER OF PAYMENTS | * AMOUNT OF PAYMENTS | MONTHLY PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | * AMOUNT OF PAYMENTS | MONTHLY PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 359 | 1971.38 | 08/01/2006 | | | |
| 1 | 1962.18 | 07/01/2036 | | | |

* includes mortgage insurance premiums, excludes taxes, hazard insurance or flood insurance.

[ ] **DEMAND FEATURE:** This loan transaction has a demand feature.
[ ] **REQUIRED DEPOSIT:** The annual percentage rate does not take into account your required deposit.
[ ] **VARIABLE RATE FEATURE:** Your loan contains a Variable Rate Feature. Disclosures about the Variable Rate Feature have been provided to you separately.

**SECURITY INTEREST:** You are giving a security interest in:
[ ] the goods or property being purchased. [X] real property you already own.

**FILING OR RECORDING FEES:** $ 275.00

**LATE CHARGE:** If a payment is more than 15 days late, you will be charged $ 98.60 / 5 % of the principal and interest past due.

**PREPAYMENT:** If you pay off your loan early, you
[ ] may [X] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.

**INSURANCE:** Credit life, accident, health or loss of income insurance is not required in connection with this loan. This loan transaction requires the following insurance:
[X] Hazard Insurance [ ] Flood Insurance [ ] Private Mortgage Insurance [ ] Mutual Mortgage Insurance
Borrower(s) may obtain hazard and flood insurance through any person of his/her choice, provided said carrier meets the requirements of the Lender. If Borrower desires Property Insurance to be obtained through the Lender's designated agency, the cost will be set forth in a separate insurance statement furnished by the Lender.

**ASSUMPTION:** Someone buying your house
[ ] may [ ] may, subject to conditions, [X] may not assume the remainder of your loan on the original terms.

See your contract documents for additional information regarding nonpayment, default, right to accelerate the maturity of the obligation, prepayment rebates and penalties, and the Lender's policy regarding assumption of the obligation.

[X] all dates and numerical disclosures except late payment disclosures are estimates. E means an estimate.

"The undersigned hereby acknowledge receiving and reading a completed copy of this disclosure along with copies of the documents provided. The delivery and signing of this disclosure does not constitute an obligation on the part of the lender to make, or the Borrower(s) to accept, the loan as identified."

Read, acknowledged and accepted this 26 day of 2006

By: BRETT J DEIXLER
Title

David Jackson (Borrower)

Pamela Jackson (Borrower)

(Borrower) (Borrower)

REG750 (06/2002)

Page 1 of 2

# Exhibit B

Case 2:09-cv-01549-MAM   Document 45-4   Filed 06/22/10   Page 19 of 25
Case 2:09-cv-01549-MAM   Document 35-1   Filed 04/05/10   Page 4 of 10
Case 2:09-cv-01549-MAM   Document 12   Filed 07/14/09   Page 19 of 19

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Borrower Name(s):
DAVID JACKSON, PAMELA JACKSON

Lender:
Accredited Home Lenders, Inc.
A California Corporation
15090 Avenue of Science
San Diego, CA 92128

Date: 07/26/2006    Loan #: 0607058896

Loan Type: Conventional

Borrower Address:
14 PENN OAK LANE
OXFORD, PA 19363

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.933 % | $483,989.46 | $ 225,913.82 | $ 769,903.28 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359 | $1,971.98 | 09/01/2006 | | | |
| 1 | $1,962.46 | 08/01/2036 | | | |

DEMAND FEATURE: [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE: [ ] This loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at:
14 PENN OAK LANE
OXFORD, PA 19363

ASSUMPTION: Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms

FILING / RECORDING FEES: $0.00

PROPERTY INSURANCE: [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgage clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender. Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

LATE CHARGES: If your payment is more than 10 days late, you will be charged a late charge of 6.000% of the overdue payment.

PREPAYMENT: If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

Borrower
DAVID JACKSON                          Date

Borrower
PAMELA JACKSON                         Date

Borrower                               Date

Borrower                               Date

Borrower                               Date

Borrower                               Date

MIN # 100176196070580988
(19426) NO OFF
JACKSON
PAGE 1 OF 1
Loan # 0607058896
Rev 12/03

# Exhibit C

(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s): DAVID JACKSON, PAMELA JACKSON | Lender: Accredited Home Lenders, Inc. A California Corporation 15090 Avenue of Science San Diego, CA 92128 |
|---|---|
| | Date: 07/26/2006 — Loan #: 0607058896 |
| | Loan Type: Conventional |

Borrower Address:
14 PENN OAK LANE
OXFORD, PA 19363

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.933 % | $483,989.46 | $ 225,913.82 | $ 709,903.28 |

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359 | $1,971.98 | 09/01/2006 | | | |
| 1 | $1,962.46 | 08/01/2036 | | | |

DEMAND FEATURE: [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE: [ ] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at:
14 PENN OAK LANE
OXFORD, PA 19363

ASSUMPTION: Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES: $0.00

PROPERTY INSURANCE: [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender. Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

LATE CHARGES: If your payment is more than 10 days late, you will be charged a late charge of 6.000% of the overdue payment.

PREPAYMENT: If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

David Jackson 7-26-06 — Pamela Jackson 7-26-06

| | |
|---|---|
| Borrower DAVID JACKSON — Date | Borrower PAMELA JACKSON — Date |
| Borrower — Date | Borrower — Date |
| Borrower — Date | Borrower — Date |
| Borrower — Date | Borrower — Date |

MIN # 100178100070558869
TRTHRNDP.OFF

JACKSON
Page 1 of 1

Loan # 0607058896
Rev 12/04

# Exhibit D

US Department of Housing and Urban Development

## SETTLEMENT STATEMENT (Transactions Without Sellers)

OMB No. 2502-0265

| File Number: 0692961 | Loan Number: 0607058896 | Mortgage Ins. Case #: |
|---|---|---|

**NAME AND ADDRESS OF BORROWER:**
DAVID JACKSON 14 PENN OAK LN. OXFORD, PA 19363
PAMELA JACKSON 14 PENN OAK LN. OXFORD, PA 19363

**NAME AND ADDRESS OF LENDER:**
Accredited Home Lenders, Inc. 123 Tice Blvd., Suite 200 Woodcliff Lake, NJ 07677

**PROPERTY LOCATION:**
14 PENN OAK LN. OXFORD, PA 19363

**SETTLEMENT AGENT:**
National Real Estate Information Services   Contact: Riann Henry

**PLACE OF SETTLEMENT:**
100 Beecham Drive Pittsburgh, PA 15205-4601

**SETTLEMENT DATE:**
07/26/2006

**DISBURSEMENT DATE:**
07/31/2006

### L. SETTLEMENT CHARGES

| 800. Items Payable In Connection With Loan | | | M. DISBURSEMENT TO OTHERS | | |
|---|---|---|---|---|---|
| 801. Loan Origination Fee    To: Real Estate Mortgage Network | | | 1501. Payoff Mortgage LN.#: 13500236 | | |
| 802. Loan Discount | 3,500.00 | | To: Option One Mortgage Corp. | | 224,112.30 |
| 803. Appraisal Fee $300.00 (POC) | | | 1502. Courtesy Payment | | |
| 804. Credit Report:   To: Real Estate Mortgage Network | | | To: AmeriCredit | | 1,155.00 |
| 805. Service Fee   To: Accredited Home Lenders, Inc. | 25.00 | | 1503. | | |
| 806. Flood Cert/Life of Loan   To: Inzura | 700.00 | | | | |
| 807. Tax Service Fee   To: Inzura | 7.80 | | 1504. | | |
| 808. | 50.00 | | | | |
| 809. | | | 1505. | | |
| 810. | | | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | 1506. | | |
| 901. Interest from 07/31/2006 to 08/01/2006 @ $1.18/day   To: | 61.18 | | 1507. | | |
| 902. Mortgage Insurance Premium for | | | | | |
| 903. Hazard Insurance Premium for | | | 1508. | | |
| 904 | | | | | |
| 1000. Reserves Deposited With Lender | | | 1509. | | |
| 1001. Hazard insurance | | | | | |
| 1002. Mortgage insurance | | | 1510. | | |
| 1003. City property taxes | | | | | |
| 1004. County property taxes | | | 1511. | | |
| 1005. Annual assessments | | | | | |
| 1006. | | | 1512. | | |
| 1007. Aggregate Accounting Adjustment | | | | | |
| 1100. Title Charges | | | 1513. | | |
| 1101. Settlement or closing fee   To: National Real Estate Infor | 375.00 | | | | |
| 1102. Abstract or title search | | | 1514. | | |
| 1103. Title examination | | | | | |
| 1104. Title insurance binder | | | 1515. | | |
| 1105. Document preparation | | | | | |
| 1106. Notary Fees | | | 1516. | | |
| 1107. Attorney's Fees | | | | | |
| (includes above item numbers:  ) | | | 1517. | | |
| 1108. Title Insurance   To: National Real Estate Information Ser | 1,366.88 | | | | |
| (includes above item numbers:  ) | | | 1518. | | |
| 1109. Lender's coverage @ $232000.00 | | | | | |
| 1110. Owner's coverage  @ $ | | | 1520. TOTAL DISBURSED (enter on line 1603) | | |
| 1111. Endorsement 8.1, Alta9   To: National Real Estate Informa | 125.00 | | | | 225,267.30 |
| 1112. Closing Protection Letter | | | N. Net Settlement | | |
| 1113. Courier Fee   To: National Real Estate Information Servic | 25.00 | | | | |
| 1114. Tax Cert Fee   To: National Real Estate Information Servi | 56.00 | | 1600. Loan Amount | | 232,000.00 |
| 1200. Government Recording and Transfer Charges | | | | | |
| 1201. Recording fees:   To: Chester County Recorder of Deeds | 28.50 | | 1601. Plus Check/Cash from Borrower | | |
| 1202. City/county tax/stamps: | | | | | |
| 1203. State tax/stamps: | | | 1602. Minus total settlement charges | | |
| 1204. | | | (Line 1400) | | 6,390.36 |
| 1205. | | | 1603. Minus total Disbursements to | | |
| 1206. | | | Others (line 1520) | | 225,267.30 |
| 1300. Additional Settlement Charges | | | | | |
| 1301. | | | 1604. Equals disbursements to borrower | | 342.34 |
| 1302. | | | | | |
| 1303. | | | | | |
| 1400. Total settlement charges (enter on line 1602) | 6,390.36 | | | | |

The undersigned has on acknowledge receipt of a completed copy of this statement. To the best of my knowledge the HUD-1A or RESPA Settlement Statement is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

X _____   X _____   X _____
National Real Estate Information Services     DAVID JACKSON        PAMELA JACKSON

# Exhibit E

(Printed on Aug 04, 2006 @ 12:17)

US Department of Housing and Urban Development

**SETTLEMENT STATEMENT (Transactions Without Sellers)**

OMB No. 2502-0265

File Number: 0692561 | Loan Number: 0607058896 | Mortgage Ins. Case #:

**NAME AND ADDRESS OF BORROWER:**
DAVID JACKSON 14 PENN OAK LN. OXFORD, PA 19363
PAMELA JACKSON 14 PENN OAK LN. OXFORD, PA 19363

**NAME AND ADDRESS OF LENDER:**
Accredited Home Lenders, Inc. 123 Tice Blvd., Suite 200 Woodcliff Lake, NJ 07677

**PROPERTY LOCATION:**
14 PENN OAK LN. OXFORD, PA 19363

**SETTLEMENT AGENT:**
National Real Estate Information Services Contact: Riana Henry

**PLACE OF SETTLEMENT:**
100 Beecham Drive Pittsburgh, PA 15205-4601

**SETTLEMENT DATE:**
07/26/2006

**DISBURSEMENT DATE:**
07/31/2006

| L. SETTLEMENT CHARGES | |
|---|---|
| **800. Items Payable In Connection With Loan** | |
| 801. Loan Origination Fee To: Real Estate Mortgage Network | 3,500.00 |
| 802. Loan Discount | |
| 803. Appraisal Fee $300.00 (POC) | |
| 804. Credit Report To: Real Estate Mortgage Network | |
| 805 Service Fee To: Accredited Home Lenders, Inc. | 25.00 |
| 806. Flood Cert/Life of Loan To: Inzura | 700.00 |
| 807. Tax Service Fee To: Inzura | 7.80 |
| 808. | 50.00 |
| 809. | |
| 810. | |
| **900. Items Required By Lender To Be Paid In Advance** | |
| 901. Interest from 08/01/06 to 08/01/06 @ 61.18/day | |
| 902. Mortgage Insurance Premium for | |
| 903. Hazard Insurance Premium for | |
| 904. | |
| **1000. Reserves Deposited With Lender** | |
| 1001. Hazard insurance | |
| 1002. Mortgage insurance | |
| 1003. City property taxes | |
| 1004. County property taxes | |
| 1005. Annual assessments | |
| 1006. | |
| 1007. Aggregate Accounting Adjustment | |
| **1100. Title Charges** | |
| 1101. Settlement or closing fee To: National Real Estate Infor | 375.00 |
| 1102. Abstract or title search | |
| 1103. Title examination | |
| 1104. Title insurance binder | |
| 1105. Document preparation | |
| 1106. Notary Fees | |
| 1107. Attorney's Fees | |
| (Includes above item numbers: ) | |
| 1108. Title Insurance To: National Real Estate Information Ser | 1,366.88 |
| (Includes above item numbers: ) | |
| 1109. Lender's coverage @ $232000.00 | |
| 1110. Owner's coverage @ $ | |
| 1111. Endorsement 8.1, Alta9 To: National Real Estate Informa | 125.00 |
| 1112. Closing Protection Letter | |
| 1113. Courier Fee To: National Real Estate Information Servic | 25.00 |
| 1114. Tax Cert Fee To: National Real Estate Information Servi | 56.00 |
| **1200. Government Recording and Transfer Charges** | |
| 1201. Recording fees: To: National Real Estate Information Se | 98.50 |
| 1202. [illegible] | |
| 1203. State tax/stamps: | |
| 1204. | |
| 1205. | |
| 1206. | |
| **1300. Additional Settlement Charges** | |
| 1301. | |
| 1302. | |
| 1303. | |
| 1400. Total settlement charges (enter on line 1602) | 6,329.18 |

| M. DISBURSEMENT TO OTHERS | |
|---|---|
| 1501. Payoff Mortgage LN.#: 13500236 To: Option One Mortgage Corp. | 224,112.30 |
| 1502. Courtesy Payment To: AmeriCredit | 1,155.00 |
| 1503. | |
| 1504. | |
| 1505. | |
| 1506. R E V I S E D | |
| 1507. | |
| 1508. | |
| 1509. | |
| 1510. | |
| 1511. | |
| 1512. | |
| 1513. | |
| 1514. | |
| 1515. | |
| 1516. | |
| 1517. | |
| 1518. | |
| 1520. TOTAL DISBURSED (enter on line 1603) | 225,267.30 |
| **N. Net Settlement** | |
| 1600. Loan Amount | 232,000.00 |
| 1601. Plus Cash/Check from Borrower | |
| 1602. Minus total settlement charges (Line 1400) | 6,329.18 |
| 1603. Minus total Disbursements to Others (line 1520) | 225,267.30 |
| 1604. Equals disbursements to borrower | 403.52 |

The undersigned hereby acknowledges receipt of a completed copy of this statement. To the best of my knowledge the HUD-1A and RESPA Settlement Statement is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

x ______________________
National Real Estate Information Services

x ______________________
DAVID JACKSON

x ______________________
PAMELA JACKSON

**Certified True Copy**